## THE STATE v. FRIER, *Appellant.*

### Division Two, December 16, 1893.

1. **Criminal Practice**: SEPARATION OF JURY: NEW TRIAL. A motion for a new trial, by a defendant convicted of assault with intent to murder, founded on affidavits showing the separation of the jury during the trial without the free consent of the defendant, will be deemed to have been properly overruled where the matter was not saved by a proper recital in the bill of exceptions, or its truth is not otherwise certified to by the judge who tried the cause and overruled the motion.

2. ———: JURY: SHERIFF'S OATH. The omission of the court to administer to the sheriff, as provided by the statute, an oath not to communicate with the jury on their retirement to consider their verdict, does not constitute a sufficient ground for a new trial, where it appears the sheriff did not communicate with them.

3. ———: SEPARATION OF JURY. Separation of a jury during a trial for assault with intent to murder may be permitted, by consent of both parties, at any time before they finally retire in charge of the sheriff to consider their verdict.

*Appeal from Linn Circuit Court.*—HON. W. H. BROWNLEE, Special Judge.

AFFIRMED.

*A. W. Mullins* and *Fagg & Ball* for appellant.

(1) The court erroneously and improperly permitted the jurors to separate at the noon recess, and also at the recess in the evening for supper. The separation of the jurors at the end of the trial could not be authorized by the consent of the parties. *McLean v. State*, 8 Mo. 153; *State v. Collins*, 81 Mo. 652; *State v. Murray*, 91 Mo. 95; *State v. Gray*, 100 Mo. 123; *Whitney v. State*, 8 Mo. 165; *State v. Orrick*, 106 Mo. 111; *State v. Steifel*, 106 Mo. 129, and cases cited.

(2) The court erred in omitting to administer the special oath to the sheriff as required by Revised Statutes, 1889, sec. 4210.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The court can consider nothing in this case except the record proper, on which the judgment should be affirmed. · There being none of the testimony saved in the bill of exceptions, the court can determine no question raised or suggested by the instructions, nor is it possible to say whether the instructions should or should not have been given. (2) The motion for new trial in this case alleges various errors said to have been committed by the trial court, none of which are to be found in the bill of exceptions or record. No rule is better settled in this state than that the motion for new trial is no evidence of the allegations it contains, and that exceptions must be first saved and called to the attention of the trial court during trial and when they occur, nor will the affidavits in support of the motion for a new trial be considered. *State v. Elvins*, 101 Mo. 243; *State v. Foster*, 115 Mo. 448; *State v. Welsor*, 117 Mo. 570. (3) This case, as made by the record and bill of exceptions, presents no exceptions by the defendant until after conviction, and then only when he files his motion for a new trial.

GANTT, P. J.—The appellant was indicted at the December term, 1892, of the Linn circuit court, for assault with intent to murder one Thomas Weatherford. He was tried at the next June term of the court before Honorable W. H. Brownlee, as special judge, and convicted, and sentenced to the penitentiary for two years. The transcript in this court contains none of the evidence.

The instructions are embodied in the bill, but in the absence of the evidence, they must be presumed as correct and as based upon the evidence.

The motion for new trial, among other grounds, contains the following:

"*Fourth.* The court improperly and erroneously and without the consent of defendant, permitted the jury to separate during the adjournment of dinner hour, and again permitted them to separate at the adjournment for supper.

"*Fifth.* The prosecuting attorney at the conclusion of the argument of the case, in the presence of the jury, asked the defendant to consent to the separation of the jury for the night.

"*Sixth.* The court neglected and erroneously failed to have the officer in charge of the jury sworn as is required by section 4210 of the Revised Statutes of 1889."

The record proper shows that the jury was impaneled in this cause on June 6. No mention is made or notice taken of any recess or adjournment until after the court heard all the evidence offered and the argument of counsel, and had given the instructions of the court; but the record recites that after all these matters had transpired, "the jury, with the consent of the prosecuting attorney and the defendant, are by the court permitted to separate until the convening of court," which the other evidence disclosed was the following morning, this separation having taken place on the night of the sixth of June.

The defendant filed three affidavits with his motion for new trial, tending to show the separation of the jury at the noon and supper adjournments, and tending to show, further, that the consent obtained from him to the separation of the jury after the conclusion of the argument, was obtained by the prosecuting attorney

demanding of him in the presence and hearing of the jury, that he consent to their separation at that time. None of these matters are preserved by any recital in the bill of exceptions, and the special judge who tried the cause has not certified what the truth of the matter was, further than to overrule the motion. As to those matters embraced in the affidavits, we must, in the absence of some exception properly saved, or some authoritative recital by the learned judge who heard the cause, assume he correctly overruled the motion for a new trial.

As to the failure to administer the oath to the sheriff when the jury finally retired to consider of their verdict, as the evidence shows beyond contradiction that the sheriff in no manner communicated with the jury, it cannot even be inferred that his failure to take the additional oath prescribed in section 4210 affected the verdict, and hence is no ground for new trial. *State v. Hayes*, 78 Mo. 307; *State v. Hays*, 78 Mo. 600.

As to the other suggestion that it was not competent for the court to permit a separation of the jury *at all after the argument* was concluded, my brethren, Judges BURGESS and SHERWOOD are of the opinion, this separation may lawfully be permitted by consent of both parties at any time before they finally retire in charge of the sheriff to deliberate on their verdict. As to this proposition, I express no opinion at this time.

It results that the judgment is affirmed. All concur as shown in the opinion.