FLAMME and another, Plaintiffs in error, vs. THE STATE,
Defendant in error.

*April 12—May 4, 1920.*

*Criminal law: Self-incrimination: Voluntary confession: Sworn
statement made before district attorney: Repetition of state-
ment by testimony on preliminary examination: Separate
trials for joint defendants: Discretion of court: Argument of
counsel: Reference to fact not in evidence.*

1. A sworn statement by defendant before the district attorney,
   after she had gone to his office with and at the request of
   the sheriff and at first had denied guilt, is not a voluntary
   confession and therefore is incompetent as evidence against
   her.
2. Defendant's repetition on preliminary examination of a con-
   fession is *held* not free of the duress that had attended it from
   the beginning; the facts and circumstances showing that she
   obviously acted on the belief that her written and sworn con-
   fession to the district attorney compelled her to repeat it be-
   fore the police justice.
3. The question of granting or refusing separate trials to defend-
   ants jointly informed against for offenses arising out of the
   same transaction is largely within the discretion of the trial
   court.
4. The denial of separate trials is an abuse of discretion where
   the confession of one defendant, admissible against her but
   not against her codefendant, must inevitably operate to the
   prejudice of the rights of the codefendant.
5. The statement of the district attorney of his knowledge of a
   fact, a matter not in evidence, is not permissible in argument,
   and on objection the jury should be cautioned not to con-
   sider it.

ERROR to review a judgment of the circuit court for Rich-
land county: GEORGE CLEMENTSON, Circuit Judge. *Re-
versed.*

The information charged *Wesley A. Flamme* with the
crime of adultery committed with *Mabel Banker,* an unmar-
ried woman, on May 22, 1919. In a separate count it
charged *Mabel Banker* with the crime of fornication. The
defendants, *Wesley A. Flamme* and *Mabel Banker,* were
arrested upon separate complaints in separate actions and

separately held for trial.    They were first jointly proceeded against by the district attorney by the filing of one information in the circuit court.

*Mabel Banker* claims that a statement was obtained from her by coercion on the part of the district attorney on May 23, 1919; that the sheriff had appeared at her home earlier in the day and she was requested to accompany him to the office of the district attorney; that she accompanied him under the impression that she was under arrest; that at first she denied the charges made against her by the district attorney; that no one told her that she was not obliged to incriminate herself; and that finally, after having been subjected to questioning for a period of over an hour, she was induced to sign a statement prepared by the district attorney, in which she confessed to the crime of fornication with *Wesley A. Flamme* on May 22, 1919, in the belief that she would not be prosecuted for the offense she confessed. *Flamme* was arrested and a preliminary examination was held in the police court of Richland Center, in which *Mabel Banker* testified to the statement contained in her signed confession previously made to the district attorney.    On cross-examination she testified that she did not make this statement voluntarily, but because she thought she had to. Counsel for defendant *Flamme* asked the court to instruct the witness that she could not be compelled to testify to anything that would incriminate her, which the court did not do. *Wesley Flamme* was held for trial in the county court of Richland county on a charge of adultery.    At the succeeding June term an affidavit of prejudice was filed on the first day of the term, and the case was transmitted to the circuit court.

On the first day of the term of the county court *Mabel Banker* did not appear, and upon application of the district attorney a bench warrant was issued by the county court and the sheriff brought her into court, where she was placed under bonds to appear at the next term of the circuit court as

a witness for the state against *Wesley Flamme*. At that time she told the court that the statement she made to the district attorney was not true. On July 22, 1919, a warrant was issued charging *Mabel Banker* with having committed the crime of fornication with *Wesley A. Flamme* on May 22, 1919. A preliminary hearing was held before the police justice on July 23, 1919, in which the sheriff and one Robinson testified to the testimony given by *Mabel Banker* on the preliminary examination of *Wesley A. Flamme*. *Mabel Banker* was held for trial in the county court at the next regular term. The county court transmitted the case to the circuit court for Richland county, and at the September term the district attorney filed an information in which he joined both defendants, charging *Wesley A. Flamme* with adultery and *Mabel Banker* with fornication. A motion for separate trials for the defendants was denied.

Upon the trial of the case the plaintiff repudiated her statement to the district attorney, denying any such relations with *Wesley Flamme* on May 22, 1919, or at any other time. The written statement made by her to the district attorney was never offered or received in evidence, but was used by the district attorney in his examination of witnesses during the trial, and after the jury had retired to deliberate upon their verdict the court permitted the written confession of *Mabel Banker* to be taken to the jury room and considered by the jury.

The jury returned a verdict finding the defendant *Wesley A. Flamme* guilty of adultery, and the defendant *Mabel Banker* guilty of the crime of fornication. A motion for a new trial was denied, sentence being suspended pending a hearing in this court. The case is brought here on a writ of error.

*L. H. Bancroft* of Richland Center, for the plaintiffs in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney

general, and *E. E. Brindley,* district attorney of Richland county; and the cause was argued orally by *Mr. Brindley* and *Mr. Messerschmidt.*

SIEBECKER, J. The main questions presented for decision are whether or not the confession of *Mabel Banker* to the district attorney was competent evidence, and whether the court erred in refusing the defendants' requests for separate trials.

The facts concerning the confession made to the district attorney by *Mabel Banker* disclose that she at that time was nineteen years of age; that she resided with her mother at their home in Richland Center; that the sheriff called at their house and asked her to accompany him to the office of the district attorney in the courthouse; that her mother went with her, and that they both believed *Mabel Banker* was under the command of the sheriff to do this. When they arrived at the courthouse the mother was not permitted to be in the office room of the district attorney with the daughter; the district attorney and sheriff were the only persons present in the room with her, and she was detained in this room for about an hour and a half while being questioned concerning her conduct as to having had sexual intercourse with *Flamme.* She testifies that she informed them that she had had no such relations with *Flamme,* but under their influence she was persuaded to confess having committed this offense with *Flamme,* and made this confession upon the assurance then made to her that such statement would shield her from being prosecuted for such an offense. It appears that the district attorney prepared the written statement of her confession and presented it to her for her signature; that after being informed of its contents and a correction made of a misstatement in it, she then signed it, and was sworn by the district attorney as to its truthfulness.

The testimony of the district attorney and sheriff is to the effect that the sheriff called upon her, as she declares, but that she went freely and voluntarily to the district attorney's office with the sheriff upon his invitation; that while there she was questioned by the district attorney concerning her conduct while on trips with *Flamme* from Richland Center and in the city; that she was not advised of her privilege that she was not required to incriminate herself before them; and that though she at first denied criminal relations with *Flamme,* she finally freely admitted her transgressions and consented to make a sworn written statement, and that she signed and swore to this statement voluntarily before leaving the office of the district attorney.

The facts and circumstances surrounding the securing of the confession as disclosed by the record indicate with reasonable certainty that *Mabel Banker* did not act freely and voluntarily in her disclosures made to the district attorney. A study of the record compels the conviction that she did not volunteer to make a confession of her criminal conduct. Her entire conduct indicates that she made this written statement under conditions and influences which coerced her to do this against her will. While we are satisfied that the officers made no promise of immunity from prosecution if she confessed, yet it is apparent that she did not act voluntarily in the matter. Intimations of disfavor toward her by the officers having authority to prosecute her for the offense under consideration are sufficient to exclude the conclusion that her confession was a free and voluntary act. The whole transaction, from the time the sheriff called at her home and asked her to go with him to the district attorney's office to the time she affixed her signature to the typewritten statement under oath before leaving the office, shows she was placed in circumstances that operated to coerce her and deprive her of free and voluntary action in respect to the inquiries put to her. The situation presented

by the record is aptly characterized in an early case in this court in speaking of the effect on a person in such a situation:

"He may be surrounded by those whose suspicions are excited to a degree amounting to accusation, and be fully aware that his escape would be impossible if attempted, and be pressed with questions in such manner and under such circumstances as to render his answers compulsory. But this would be in the nature of duress." *Schoeffler v. State,* 3 Wis. 823, 844.

Under such circumstances the statements are not voluntary, and are incompetent as evidence against the party accused. *Bianchi v. State,* 169 Wis. 75, 171 N. W. 639.

It must be held that *Mabel Banker's* confession was incompetent evidence and erroneously received in evidence. The argument that her repetition of the confession in police court on the preliminary examination of *Flamme* was a voluntary statement is not substantiated by the record. The facts and circumstances show that she obviously acted upon the belief that her written and sworn confession made to the district attorney compelled her to repeat it on the witness stand before the police justice. This left her testimony on that occasion unpurged of the duress that attended it from the beginning.

It is contended that the court erred in refusing to grant the defendants' requests for separate trials. The question of granting defendants in criminal cases separate trials, when jointly informed against for offenses arising out of the same transaction, is largely within the discretion of the trial court. *Mayfield v. State,* 142 Wis. 661, 126 N. W. 15.

The instant case presents the peculiar situation that the offenses charged against the defendants, though different in degree, necessarily arise out of the same criminal act. The court in receiving the confession of *Mabel Banker* properly held it was not competent evidence against *Flamme,* and so instructed the jury. Yet in the very nature of the evidence,

if it was considered proof of the guilt of *Mabel Banker* of the offense charged against her, then it inevitably followed that it proved the offense charged against *Flamme*. We can conceive of no mental process by which the jurors could do otherwise than so regard it, and thus necessarily prove the offense of *Flamme*. This clearly presents a case where the confession of a defendant, admissible against her but not against a codefendant, must inevitably operate to the prejudice of the latter defendant's rights. Under these conditions a denial to grant separate trials is clearly an abuse of discretion.

The district attorney's statement in his closing argument, "I knew of these acts of *Flamme* and his riding around town with these young people and his trips to Muscoda," is objectionable as a statement of evidentiary facts not permitted by counsel as argument to the jury. The court upon objection should have cautioned the jury not to consider such statement as evidence in their deliberations on the case.

*By the Court.*—The judgment is reversed, and the cause is remanded for a new trial with directions to grant the defendants' requests for separate trials.