## HALSEY v STATE

Ohio Appeals, 6th Dist, Wood County

No 513. Decided Jan 11, 1932

Benjamin F. James, Toledo, and George A. Cheney, Bowling Green, for plaintiff in error.

Raymond E. Ladd, Prosecuting Attorney, Toledo, for defendant in error.

**RICHARDS, J.**

It is earnestly insisted that if the defendant is guilty at all it is only of manslaughter and not second degree murder, and that this court should modify the verdict and reduce the degree of the offense to that of manslaughter. Under the provisions of GC §13449-1, par 4, the power to modify a verdict in a criminal case and reduce the crime of which the defendant was convicted to a lesser included offense is

given to a reviewing court in cases where such action is warranted by the evidence. However, on the evidence in the case at bar the crime was clearly that of murder in the second degre and not manslaughter.

Some forty written requests to charge before argument were submitted by counsel for defendant, a number of which were given and others refused. Among those refused, especial reliance is placed on No. 9, which reads as follows:

"The court further instructs the jury that when the evidence fails to show any motive to commit the crime charged, on the part of the accused, this is a circumstance in favor of her innocence. And in this case, if the jury find, upon a careful examination of all the evidence, that it fails to show any motive on the part of the accused, to commit the crime charged against her, then this is a circumstance which the jury ought to consider in connection with the other evidence in the case, in making up their verdict."

The contention is made that this request should have been given under the authority of Neiswender vs. State, 28 O. C. A., 545, but the instruction does not come within the rule as there announced. It selects a single fact and instructs the jury that a failure to show that particular fact is a circumstance in favor of innocence, while it could only be considered in connection with the evidence and other circumstances in determining the guilt or innocence of the accused, and on that the court instructed the jury in the general charge.

In so far as other requests to charge contained proper statements of law pertinent to the case, they were substantially given in the general charge of the court.

The trial court restricted the argument to one hour and a half on each side and it is insisted that this deprived the defendant of a constitutional right. The case was comparatively short for a murder case, the evidence embracing only about 100 pages. The matter of limitation of argument is within the sound judicial discretion of the trial judge and will not be interfered with unless there has been an abuse of discretion or the limitation is of such a character as to deprive the defendant of a constitutional right, which we do not find to be true in this case.

Complaint is made that the bailiff or court constable who had charge of the jury was not sworn in accordance with the requirements of §13443-16 GC. That section provides that when an order shall have been entered directing the jurors to be kept in charge of the officers of the court, an oath shall be administered by the clerk to the officers, requiring in substance that they keep the jurors from separating and from suffering any communication to be made to them and that the bailiff or constable shall not communicate with them. The journal entry shows that the trial judge, who resided in another county, desired after charging the jury, to return, to his home and it was agreed by council that the resident judge should receive the verdict of the jury, which was then deliberating. The journal entry further shows that at 5:30 P. M. they and the court constable were instructed by the local judge that they were not to separate nor to communicate with any one, and the court constable was instructed that the jurors should not be permitted to separate or to communicate with any one and the entry shows that these instructions were given in the presence of the defendant and her council, Benjamin F. James, who remained silent and made no objection. The jurors were then conducted to a restaurant by order of the court, in the custody of the bailiff or court constable, and furnished with refreshments, after which they returned to the jury room and resumed their deliberations. The journal entry covering this transaction does not show whether any oath was then administered to the court constable as required by the section just cited  It is sought to be shown by affidavit that no oath was administered at that time. The affidavit of the defendant herself states that

"no judge caused the clerk of said court to administer to said W. R. Marwick, court constable and bailiff, the oath required by §13443-16."

She further states in her affidavit that she "did not discover said error on the part of the trial judge in his failure to cause the said clerk to administer the said oath" until within the last three days. It is well to remember that the statute imposes upon the clerk of the court the duty to administer the oath and the defendant nowhere stated in her affidavit that he did not perform that duty, her affidavit only going to the extent that the judge failed to cause him to perform the duty. The affidavit of her attorney, Benjamin F. James, who was present on the occasion, merely states that the **judge** "did not administer any oath to him (the bailiff) as required by §13443-16 GC". It is sufficient to say that the statute does not require the judge to administer the oath but that it should be administered

by the clerk, and neither affiant swears that the clerk failed to administer the oath. The affidavit of George A. Cheney, the other counsel for the defendant, states that he was not present on the occasion and that what he learned came to him by reports from others. The affidavit of the court constable is introduced, which shows that he obeyed the order of the court and permitted no one to communicate with any of the jurors, and that the jurors did not communicate with any other person, nor did any person attempt to communicate with them, nor did they separate.

The provisions of §13443-16 GC, requiring the administering of an oath by the clerk of courts to the bailiff or court constable are mandatory, but it does not necessarily follow that the failure on the part of the clerk to comply with the statute requires the court to grant a new trial. Counsel can not sit idly by, observing that no oath is administered, and not object to the failure to administer the oath and then, after the verdict is returned, first make complaint of such failure, where the bailiff properly performs his duty and where no prejudice resulted to the defendant from the failure to administer such oath. To grant a new trial under such circumstances, with the bailiff fully performing his duty and no prejudice resulting, would be a return to the technicality once employed in administering criminal law.

The State of Iowa has a statute similar to the one above cited, and yet the Supreme Court of that state in State vs. Crafton, 89 Iowa, 109, 119, while holding the statute mandatory, refused a new trial for the reason given above.

Many cases to the same effect may be cited, but I only call attention to:

Atterberry vs. State, 56 Ark., 515;
State vs. Grilly, 69 Kans., 802;
Dreyer vs. Illinois, 188 Ill., 40;
Dreyer vs. Illinois, 187 U. S., 71;
State vs. Frier, 118 Mo., 648;
State vs. Johnson, 110 N. Y., 134.

The succeeding section of the General Code, towit: §13443-17, requires that the jurors shall be admonished by the court if they are permitted to separate. That language is mandatory and yet the Supreme Court in Warner vs. State, 104 Oh St, 38, held it was not reversible error to fail to comply with this requirement, where the jury was in fact not guilty of misconduct or indiscretion and where counsel observed the omission and failed to call the attention of the court thereto.

The statute requires that witnesses, before testifying, shall be sworn; yet it would hardly be claimed that counsel could sit by

when a witness is called and takes the stand and testifies without being sworn and make no objection thereto and then be entitled to a new trial in the event of an adverse verdict, because the witness testified without being sworn. The conclusion that the plaintiff in error is not entitled to a new trial on this ground is compelled by the requirements of §13449-5 GC, providing that a new trial shall not be granted for any cause unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial.

The failure to administer the oath is sought to be established by affidavits attached to a supplemental bill of exceptions, but under the decision of State vs. Young, 77 Oh St, 529, the failure, if there was a failure, should have been shown by the certificate of the judge, where it does not appear in the journal entry.

The failure of the clerk, if he did fail to administer the oath, not being distinctly shown, it will be presumed in favor of the regularity of the judgment that he performed his duty. The statute does not require that the oath shall be administered at the particular time referred to in the affidavits. The instructions then given to the plaintiff were by the local judge and it may be true that the clerk had theretofore administered the oath during the progress of the trial. In this connection, we call attention to the fact that the certificate to the supplemental bill of exceptions does not show that the bill contains all of the evidence on the motion for a new trial, but only certifies the bill of exceptions "to be true".

We have given careful attention to all the assignments of error, but as we find no prejudicial error the judgment is affirmed.

Judgment affirmed.

LLOYD and WILLIAMS, JJ, concur.