Jerome Shafer and his wife, Alice Shafer, were charged and tried jointly on an indictment containing three counts. Alice Shafer was, by the jury, found not guilty. Jerome Shafer was found guilty on one count charging robbery, and, a motion for new trial having been overruled, he was sentenced *Page 2 
in accordance with that conviction, and from that judgment this appeal was perfected to this court.
There are several assignments of error. With the exception of two, they may be disregarded, as we find no merit in them.
Briefly attention should be directed to one claimed error, which is that the trial court at the conclusion of its charge to the jury directed that the jury be placed under the control of the sheriff. This appears in the concluding paragraph of the charge. As shown by the bill of exceptions, the following appears: "Defense objects to the jury being left in the hands of the sheriff." The record discloses nothing further with reference to this matter. Counsel contend that the objection was based upon the failure to administer to the sheriff an oath, as required by Section 13443-16, General Code, and the record shows that the sheriff was a witness for the prosecution in this case, and the claim is made that he was directly interested in the prosecution.
It is to be noted that the objection is not specific and does not relate to the failure to administer this oath.
It was held in the case of Halsey v. State, 42 Ohio App. 291, at 299, 182 N.E. 127, that the provisions of Section 13443-16, General Code, are mandatory, but that it does not necessarily follow that the failure to administer the oath would require the granting of a new trial. It is specifically stated on page 299 of the opinion that "counsel cannot sit idly by, observing that no oath is administered, and not objecting to the failure to administer the oath, and then, after the verdict is returned, first make complaint of such failure, where the bailiff properly performs his duty and where no prejudice results to the defendant from the failure to administer such oath." *Page 3 
Counsel for appellant refer to the case of Koons v. State,36 Ohio St. 195, at 200. However, it will be noted that, according to the opinion in that case, the sheriff and his deputy, who had testified on behalf of the state, remained in the room while the jurors were deliberating. That is not the case now before us.
We think no prejudicial error intervened in this respect on behalf of appellant.
The remaining assignment of error presents a far more serious situation. Prior to going to trial the defendant Jerome Shafer filed written application for a trial separate and apart from that of his wife, upon the ground that the enforcement officers of Guernsey county had obtained from Alice Shafer a written statement which would be used in evidence in the trial of the two defendants and against them. This application for separate trial was denied. Jerome Shafer by his counsel protected himself throughout the course of the trial by adequate exceptions, and now assigns as his chief ground of error the overruling of this application.
It is provided by Section 13442-11, General Code, that when two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly, unless the court for good cause shall order that one or more of the defendants be tried separately. It is conceded by counsel on both sides that the matter of the granting of separate trials is one for the discretion of the court. In the instant case it is contended by counsel for defendant that the trial court abused its discretion.
It becomes necessary for us, therefore, to determine what would constitute an abuse of discretion in a case such as this. An investigation of 1 Words and Phrases 179 et seq., discloses a very wide divergence of views as to what the term means. *Page 4 
In our judgment it does not of necessity mean, and in the instant case certainly does not mean, ulterior motive, arbitrary conduct, or a willful disregard of the rights of a litigant.
It does mean, in our judgment, the failure to apply the principle of law applicable to a situation, if thereby prejudice results to one of the litigants.
Bouvier's Law Dictionary describes abuse of discretion as "a discretion exercised to an end or purpose not justified by and clearly against reason and evidence."
It was held in the case of Hale v. Hale, 6 Cal.App.2d 661,45 P.2d 246, that "abuse of discretion exists when it plainly appears that the action of the trial court effects an injustice."
An interesting discussion of this term appears in the case ofState v. Ferranto, 112 Ohio St. 667, at 676, 148 N.E. 362.
Was an injustice done Jerome Shafer by the introduction in evidence of this statement of his wife? The trial court charged correctly that it could not be used against him, but could be used against his wife only, and the court ordered this statement deleted, but it appears to have gone to the jury. A portion of it was so marked as to be illegible. Other portions of its carried a pen line through, leaving it yet decipherable. The jury could not have done otherwise than have gotten the purport of this document.
We have been unable to find any Ohio authority conclusive upon this proposition. We do note, however, the statement of the Supreme Court in the case of State v. Fox, 133 Ohio St. 154, at page 158, 12 N.E.2d 413. Therein it is stated that the defendant seeking a separate trial, when jointly indicted with another, could have obtained from the prosecuting attorney an inspection of the written confession of the *Page 5 
other defendant under the provisions of Section 11551 et seq.,
General Code. In the instant case it may not have been necessary, since counsel seem to have known what was included in the statement, or at least the application would so indicate. In theFox case, however, on page 158 appears this statement:
"And could have predicated an application for a separate trial of their client Fox on the basis of the contents of such confession. This was not done, so we have no issue relating to an abuse of discretion on the part of the trial court in refusing to order separate trials."
The significance of this quoted statement lies in the recognition by the Supreme Court of Ohio that such a question may well be raised under such circumstances, and that the discretion of the trial court is reviewable.
We have found two cases which seem to us directly in point.
The case of Flamme v. State, 171 Wis. 501, 177 N.W. 596, in the fourth paragraph of the syllabus, holds:
"The denial of separate trials is an abuse of discretion where the confession of one defendant, admissible against her but not against her codefendant, must inevitably operate to the prejudice of the rights of the codefendant."
In that case it appears that Flamme was indicted on a charge of adultery, and the woman, Banker, on a charge of fornication. She made a written confession. The court in its opinion on page 506 says:
"Yet in the very nature of the evidence, if it was considered proof of the guilt of Mabel Banker of the offense charged against her, then it inevitably followed that it proved the offense charged against Flamme. We can conceive of no mental process by which the jurors could do otherwise than so regard it, and thus *Page 6 
necessarily prove the offense of Flamme. This clearly presents a case where the confession of a defendant, admissible against her but not against a codefendant, must inevitably operate to the prejudice of the latter defendant's rights. Under these conditions a denial to grant separate trials is clearly an abuse of discretion."
We direct attention to the case of People v. Sweetin, 325 Ill. 245, 156 N.E. 354. Here the third paragraph of the syllabus states:
"While it is generally a matter of discretion with the trial court as to whether a separate trial shall be granted one of two or more defendants, such discretion is not arbitrary but should be so exercised as to prevent injustice, wherever possible."
And on page 252 of the opinion we note the following statement of the court:
"While it is generally a matter of discretion with the court as to whether a separate trial shall be granted, such discretion is not arbitrary but should be so exercised as to prevent injustice, wherever possible. While the court instructed the jury that Hight's confessions were not admissible as against plaintiff in error, such instruction could by no possibility eradicate the testimony from the minds of the jury. While theoretically the instruction withdrew the evidence from the consideration of the jury, practically the human mind is so constructed that inevitably the prejudicial effect remained therein. (Rex v.Martin, 4 Ann. Cas., 912; People v. Carmichael, 314 Ill. 460.) To obviate the evils arising from the possibility of the jury being misled by the confessions of a codefendant, the rule is general that where one of several defendants jointly indicted has made admissions or confessions implicating others, a severance should be ordered unless the attorney for the State declares that such admissions *Page 7 
or confessions will not be offered in evidence on the trial. Some of the cases have stated that, on the plainest principles of justice, if the prosecutor intends to use such confession the prisoner shall be tried separately."
Such it seems to us should have been the holding in the instant case, and we cannot come to any conclusion other than that Jerome Shafer was prejudiced by the presentation to the jury of this confession of his wife, even though the trial court correctly charged the jury that it should be directed to her only. The error seems to us even more glaring in the instant case than would ordinarily be the fact, because here the confessing defendant was the wife of the other accused, and by indirection she was thus permitted to testify against him in violation of the requirements of Section 13444-2, General Code. Moreover, the record does not disclose any serious attempt on the part of the prosecution to convict this woman, and her acquittal would seem to have been inevitable.
It is urged by the prosecution that no injustice was done Shafer, because there was adequate and sufficient evidence to sustain the conviction. This is true, but there was also a direct conflict in the evidence, and the jury might conceivably have found the defendant Jerome Shafer not guilty. In view of the state of this record it cannot be stated that he was not prejudiced, or that no injustice was done by the introduction of this confession.
The judgment of conviction of Jerome Shafer will be reversed and this case remanded to the trial court for further proceedings.
Judgment reversed.
SHERICK, J., concurs.
LEMERT, P.J., not participating. *Page 8