On this appeal from a jury verdict following trial before Visiting Judge William Mahon, I concur in part but concur in the judgment only with the majority's decision on the judge's time limitation for closing argument. We should never countenance a thirty-minute time limit for argument in an aggravated murder prosecution, nor should we give the impression that a judge has discretion to impose such restrictive limitations in cases of this gravity.
The majority correctly states the factors relevant to the exercise of discretion in limiting the time for closing argument, but then affirms the limit here without analyzing those factors or the underlying cases. The factors, as stated, include: (1) the circumstances of the case, (2) the gravity of the offense, (3) the number of witnesses examined, (4) the volume of the evidence, and (5) the time consumed by the trial.[1]
Smith was charged with one count of aggravated murder and four counts of attempted aggravated murder, with a firearm specification for each charge, on allegations that he entered an apartment and shot or attempted to shoot everyone present. The apartment was frequented by drug users, and Smith's defense was misidentification. He claimed the surviving witnesses could not accurately identify him, at least in part because they were under the influence of drugs. Although the facts are not particularly complicated and the presentation of evidence took less than two days, the seriousness of the charges alone requires that lawyers for both sides be allowed more than thirty minutes to argue their cases.
The majority's misplaced reliance on Jenkins and the cases cited therein is shown when one reviews the facts of those cases: in Jenkins, each side was allowed ninety minutes to present their closing arguments in a capital murder case[2]; in Halsey v. State[3] each side also was allowed ninety minutes in a case described as comparatively short for a murder case, the evidence embracing only about 100 pages while the Smith transcript of testimony covers about 300 pages; in State v. Kay[4] the court reversed a forty-five minute time limit in a bribery case; in United States v. Mills[5] a thirty-five minute limit in a trial for transporting a minor across state lines for the purposes of prostitution was upheld only because error was not preserved; and in Braeunig v. Russell[6] a thirty minute limit was upheld as reasonable in a negligence case where no prejudice was shown.
I find nothing to suggest that a thirty minute limit on closing argument should ever be imposed in an aggravated murder case, and I sincerely hope we have not reached a point where such trials are not considered fundamentally more important than civil negligence cases. Cf. Braeunig, supra. Nevertheless, nothing in the record suggests that Smith objected to the thirty minute limit when it was imposed and, because he objected only after the limit was enforced, the error was waived. The prosecutor had made his initial closing argument in reliance upon the limit and Smith should have objected to the limit when imposed, not when he later wanted more time.
[1] State v. Jenkins (1984), 15 Ohio St.3d 164, 221, 15 OBR 311,473 N.E.2d 264, 313.
[2] Id. at 221, 473 N.E.2d at 312.
[3] (1932), 42 Ohio App. 291, 297, 11 Ohio Law Abs. 308, 182 N.E. 127,129.
[4] (1967), 12 Ohio App.2d 38, 51-52, 41 O.O.2d 91, 230 N.E.2d 652,662.
[5] (C.A.6, 1966), 366 F.2d 512, 515.
[6] (1960), 170 Ohio St. 444, 11 O.O.2d 200, 166 N.E.2d 240, paragraph two of the syllabus.