## THE STATE *v.* HOGAN et al.

Where several persons have entered into the same criminal design, the acts or declarations of one of them, in furtherance of the general object, are admissible in evidence against all the confederates ; but where an information is filed against two persons, who are tried together for the same offence, without any evidence to establish a previous combination, the confessions of one prisoner are inadmissible in evidence against the other ; they will not be allowed to affect any one but the person who made them.

APPEAL from the Third District Court of New Orleans, *McHenry,* J. *Elmore*, Attorney General, for the State. *J. M. Wolfe*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendants were tried together upon a charge of larceny, alleged to have been committed by stealing several bank notes. They were both convicted, and have appealed.

Upon the trial a witness on behalf of the State deposed, that he was the officer who arrested *Chapman* : that *Chapman* inquired what he was arrested for, and the witness answered that he was arrested for stealing the hoosier's

money ; and that *Chapman* replied that, " *Hogan*, the other party accused, had the money, and gave him $2 out of it." To this testimony the counsel for the accused objected, on the ground that the confessions of an accomplice could not be given in evidence against his co-defendant. The objection was overruled, and a bill of exceptions taken to the opinion of the judge.

Where several persons have entered into the samecriminal design, the acts or declarations of one of them, in furthersnce of the general object, are admissible in evidence against all of the confederates. Starkie on Ev, vol. 2, part 4, p 47. 1 Greenleaf on Ev. § 233. But neither the bill of exceptions, nor any other part of the record, informs us whether such a combination had been previously established by the evidence, and we are not to presume that it was. The question is, therefore, nakedly presented, whether the admissions of one prisoner are to be received in evidence to affect another, on his trial for the same offence. The rule on this subject is clearly and concisely stated in Phillips and Amos on Evidence, p. 435. Those authors say : " Where a confession by one prisoner implicates other prisoners by name, the confession must be proved according to the manner in which it was made, and the names of the prisoners implicated must be mentioned. On such occasions it is the duty of the judge to inform the jury that, the confession ought not to affect any one but the person who made it." The confession of *Chapmnn* went to the jury without this caution, which *Hogan* had the right to claim ; and without the qualification, it was well calculated to produce an impression on the minds of the jury unfavorable to that prisoner. It is not perceived, however, with what reason *Chapman* can complain of the ruling of the district judge. As against himself his confessions were clearly admissible in evidence.

The judgment of the District Court is, therefore, reversed, so far as relates to *George Hogan*, and the cause remanded for a new trial according to law. As regards *James Chapman*, the judgment is affirmed, with costs.