LAND, J.
 

 The defendants, O. C. Morgan and Robert Neyland, were convicted of the crime of rob
 
 *731
 
 bery, and each defendant was sentenced to a term of imprisonment of not less than two years nor more than three years in the state penitentiary.
 

 Both defendants have appealed and present for review the following bills of exceptions:
 

 Bill No. 1.
 

 By Neyland.
 

 A deputy sheriff testified to a confession made by Morgan, implicating in the commission of the robbery, his codefendant, Neyland, who was not present at the time the statement was made to the officer by Morgan. The testimony of the deputy sheriff as to this confession was objected to by Neyland on the ground that' it was irrelevant, incompetent, hearsay, and not admissible against himself. This objection was overruled by the trial judge, who stated to the jury at the time that “the testimony given as to the statement of one of the accused can only be used in evidence against the one making the statement. It cannot be used as evidence against the other accused.”
 

 The confession by Morgan was that ho was in the car, but that Neyland did the actual holdup. The trial judge admitted the whole of the statement made by Morgan, but instructed the jury, at the time it was admitted and again in his charge, that the statement could not be used against Neyland but only as to Morgan.
 

 The ruling of the trial judge is correct. It is well settled that the whole of the confession must be received in evidence, and, even though the confession implicates other persons by name, yet it must be proved as it was made, not omitting names; but the judge’s duty is to instruct the jury that it is not evidence against any defendant but the prisoner who made it. State v. Donelon, 45 La„ Ann. 744, 12 So. 922; State v. Harris, 27 La. Ann. 572; State v. Havelin, 6 La. Ann. 167; State v. Hogan, 3 La. Ann. 714.
 

 Bill No. 2.
 

 By Neyland.
 

 This bill was reserved to the overruling of a motion for a new trial made by Neyland, in which it- is complained that the verdict is contrary to the law and the evidence; that the trial judge erred in admitting the confession of Morgan implicating Neyland in the robbery; and that the charge of the trial judg’e to the jury was erroneous in that the court failed to instruct the jury that it could find a different verdict, if it saw fit,, as to each defendant.
 

 The first ground of the motion presents nothing that we can review. The second ground was disposed of adversely to the contention of the defendant Neyland in bill of exception No. 1, reserved by him; and the third ground is without merit, since objection to the court’s charge must be urged before the jury retires to consider its verdict,, and comes too late when urged for the first time in a motion for a new trial. Code of' Criminal Procedure, art. 391.
 

 Bill No. 1.
 

 By Morgan.
 

 This bill was taken to the overruling, of a motion for a new trial made by Morgan, and based solely on the ground that the-verdict was contrary to the law and the evidence. The trial judge was of the opinion (hat the verdict was correct. Nothing is presented by this bill that can' be reviewed by us on appeal.
 

 
 *733
 
 The conviction and sentence of each of the defendants, Morgan and Neyland, are affirmed.