## BERNARD BUCKMILLER v. STATE.

No. A-8536. Dec. 22, 1933.
Rehearing Denied Jan. 5, 1934.
(28 Pac. [2d] 597.)

Claud Briggs, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Bernard Buckmiller, hereinafter referred to as defendant, was jointly charged with one Harry Draper in the district court of Latimer county of the crime of grand larceny in the taking of $178.23, the property of the Southern Ice & Utilities

Company, without the consent of Frank Barra, custodian, and with the felonious intent on the part of each of them to appropriate the same to his own use and benefit. Upon a joint trial, the defendant and Draper were found guilty and the punishment of each fixed at imprisonment in the state penitentiary for a period of one year. Draper has not appealed.

Defendant was an employee of the Southern Ice & Utilities Company at their plant in the own of Wilburton. Frank Barra was the manager of the plant and in possession and control of the property of the company. The ice trade had been large on the 4th of July. The money accumulated from the sales on that day was placed by Barra in some drawers in a desk and other places in the plant, and nobody but Barra and defendant knew where the money was located. Barra left the plant about 5 o'clock. Defendant remained for the purpose of waiting on customers. Shortly after Barra reached his home, he was called by defendant on the telephone and told the plant had been robbed of all the money placed in the drawers and other receptacles. The sheriff and Barra went to the plant. Defendant told them two men held him up with a pistol and took the money. Investigation of the surroundings did not disclose any suspicious strangers in that community, except a couple of tramps whom defendant failed to identify as having committed the alleged robbery.

On the 14th day of August defendant and Lawrence Jacimilli, a friend of his, drank some liquor together, at which time the defendant told Jacimilli that he and the defendant Draper stole the money; that Draper came to the plant shortly after Barra left, and defendant gave him the money and then reported the alleged robbery to Barra

and the sheriff. Draper was afterward arrested for the robbery of the Quinton Bank, and, while in the penitentiary at McAlester, confessed to the officers that he and defendant committed the ice plant robbery, but thereafter on the trial he took the witness stand and repudiated his confession, relying upon an alibi as his defense.

It is first contended the evidence is wholly insufficient to sustain a conviction; it being contended defendant stands convicted on the uncorroborated statement of his codefendant, Draper, made at a time when defendant was not present.

The statement made by the defendant to Jacimilli, in the absence of Draper, at a time when defendant was not arrested or in the presence of any officer, in which he detailed exactly how this crime was committed, although extrajudicial, was sufficient to sustain a conviction if believed by the jury, where there was other proof of the corpus delicti and of the crime, independent of such confession.

Nobody but defendant and Barra knew just where this money was kept. There was a pistol in one of the drawers where this money was kept, and on that day Barra had instructed defendant in the use of this pistol. If this had been a robbery, the robbers would probably have taken the pistol as well as the money. No robber would have stopped long enough to empty the pistol of its shells and throw one of them under the porch of the ice plant before leaving the scene of the robbery. Yet the undisputed evidence is that this money was taken without any confusion or disturbance of any other part of the premises or the office. When all of the circumstances are considered with defendant's confession made to Jacimilli, they are sufficient to sustain the verdict of the jury.

It is next contended the trial court erred in submitting to the jury in its general charge the question of whether or not the codefendant Draper's confession was voluntary.

It appears from the record that Draper had twice been convicted of felonies; that at the time of the trial he was confined in the penitentiary on one of the other convictions. The trial court admitted in evidence the alleged confessions by Draper on the theory that they were voluntarily made. There is evidence to support such a conclusion. The court, however, instructed the jury, at the request of Mr. Briggs, who represented both Draper and defendant, that these confessions of Draper could not be considered as evidence against defendant and in addition gave defendant's requested instruction No. 6 (trial court's instruction No. 9) as follows: "You are instructed that where two defendants are jointly on trial as in this case, evidence of voluntary confessions or admissions made by one of the defendants is admissible against the defendant making such admissions but not against the other defendant. And, in this connection you are instructed that if you find the defendants, or either of them, made such voluntary admissions or confessions as is defined to you heretofore in these instructions, then you must consider such admissions only as against the defendant making them and not against the other defendant."

Under this instruction defendant was absolutely protected and the jury could not have been misled as to the purpose for which it might consider any alleged confession or admission given by the codefendant Draper.

Counsel for defendant contend the witness Jacimilli was impeached by the testimony of one Bill Lackey.

Lackey testified to a state of facts which tended to corroborate the defendant, but it was for the jury to determine whether to believe the testimony of Jacimilli or that of Lackey. The most that can be said for his testimony is that it only creates a conflict of fact, which was exclusively for the jury.

On consideration of the whole record, it is apparent the defendant had a fair trial and that the evidence supports the verdict of the jury.

The cause is therefore affirmed.

EDWARDS, P. J., concurs. DAVENPORT, J., dissents.