Zimmmerman, J.
 

 Section 13442-11, General Code of Ohio, provides:
 

 “When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, order that one or more of said defendants be tried separately.”
 

 This is a valid enactment under the decisions in the cases of
 
 Beazell
 
 v.
 
 State,
 
 269 U. S., 167, 70 L. Ed., 216 46 S. Ct., 68;
 
 Beazell
 
 v.
 
 State,
 
 111 Ohio St., 838, 146
 
 N.
 
 E., 316, and
 
 Chatfield
 
 v.
 
 State, 111
 
 Ohio St.,
 
 839, 146 N.
 
 E., 315.
 

 Under Section 13444-1, General Code, the rules of evidence in civil cases, in so far as applicable, shall govern all criminal causes. Counsel for the defendants in the instant case could have inspected the written confession of their client Barker in the hands of the. prosecuting attorney before trial by invoking the provisions of Section 11551
 
 et seq.,
 
 General Code, if necessary, and could have predicated an application for a separate trial of their client Pox on the basis of the contents of such confession. This was not done, so we have no issue relating to an abuse of discretion on the part of the trial court in refusing to order separate trials. 70 A. L. R., annotation beginning on page 1185.
 

 Section 13444-1, General Code, became effective in
 
 *159
 
 July of 1929, more than four years after the decision in
 
 State
 
 v.
 
 Yeoman,
 
 112 Ohio St., 214, 217, 147 N. E., 3.
 

 By the plain terms of Section 13442-11, General Code, above quoted, a joint trial of the three defendants, Barker, Fisher and Fox, was required, no good or sufficient cause for separate trials having been advanced by counsel in making application therefor.
 

 In a joint trial of two or more defendants, it stands to reason that evidence will frequently be offered by the state which is competent as to one defendant but incompetent as to the others. When such evidence takes the form of a confession to the crime charged, by one of the defendants implicating one or more of his co-defendants as a part thereof, should such confession be excluded, or should it be admitted under instructions to the jury limiting its application and effect solely to the maker?
 

 This is the question before us and, so far as we can ascertain, it has never been directly decided by the courts of Ohio. The case appearing to be most nearly in point is that of
 
 State
 
 v.
 
 Knapp,
 
 70 Ohio St., 380, 71 N. E., 705, 1 Ann. Cas., 819, the fourth paragraph of the syllabus holding:
 

 “Where the prisoner has made a written confession admitting that he has perpetrated the crime charged in the indictment and other crimes, and the whole of the confession is offered by the state and is objected to on the part of the defendant, it is not error to allow the whole confession to go to the jury when the court at the time instructs the jury that it is admitted only to prove the killing of the person named in the indictment, and that they should disregard any portion of the confession which does not relate to such killing; and further that they should not permit the statements in the confession to prejudice them against the defendant, for the reason that they were only trying him on the charge of killing alleged in the indictment.”
 

 Compare,
 
 State
 
 v.
 
 Doty,
 
 94 Ohio St., 258, 113 N. E.,
 
 *160
 
 811;
 
 Barnett
 
 v.
 
 State,
 
 104 Ohio St., 298, 135 N. E., 647, 27 A. L. R., 351.
 

 A presumption always exists that the jury has followed the instructions of the court as to the law.
 
 Browning
 
 v.
 
 State,
 
 120 Ohio St., 62, 72, 165 N. E., 566; 39 Ohio Jurisprudence, 1073, Section 343.
 

 The rule generally accepted is thus stated in 16 Corpus Juris, 669, Section 1339:
 

 “Where two or more codefendants are tried together, the acts and declarations of one which have a legitimate tendency to establish his guilt are admissible against him, even though
 
 * * *
 
 they are not admissible against his codefendant. In such case the evidence should be admitted under an instruction limiting its consideration to the actor or declarant and excluding its consideration as against his codefendant.”
 

 So, most of the courts speaking on the subject have held that when two or more persons are jointly indicted and tried, the voluntary admissions and confessions as to the offense charged, by one of them, are admissible against him as made, though they may implicate a co-defendant who was not present when they were given. On objection thereto, by the codefendant affected, or if he requests it, the court must instruct the jury specifically that such admissions and confessions can be considered only as against the one making them and not against the codefendant.
 

 Pappas
 
 v.
 
 United States
 
 (C. C. A. 9), 292 F., 982;
 
 Randazzo
 
 v.
 
 United States
 
 (C. C. A. 8), 300 F., 794;
 
 United States
 
 v.
 
 Newhoff
 
 (C. C. A. 2), 83 F. (2d), 942
 
 (certiorari
 
 denied, 299 U. S., 565, 81 L. Ed., 416, 57 S. Ct., 27);
 
 McAlpine
 
 v.
 
 State,
 
 117 Ala., 93, 23 So., 130;
 
 People
 
 v.
 
 Matthew,
 
 194 Cal., 273, 228 P., 424;
 
 State
 
 v.
 
 Wolf,
 
 112 Iowa, 458, 84 N. W., 536;
 
 Stanifer
 
 v.
 
 Commonwealth,
 
 214 Ky., 280, 283 S. W., 84;
 
 State
 
 v.
 
 Morgan, 175
 
 La., 730, 144 So., 434;
 
 Commonwealth
 
 v.
 
 Millen,
 
 289 Mass., 441, 194 N. E., 463
 
 (certiorari
 
 denied, 295 U. S., 765, 79 L. Ed., 1706, 55 S. Ct., 924);
 
 People
 
 v.
 
 *161
 

 Arnold,
 
 46 Mich., 268, 9 N. W., 406;
 
 State
 
 v.
 
 Talbott,
 
 73 Mo., 347;
 
 State
 
 v.
 
 McDaniels, 27
 
 N. M., 59, 196 P., 177;
 
 People
 
 v.
 
 Doran,
 
 246 N. Y., 409, 159 N. E., 379;
 
 Ford
 
 v.
 
 State,
 
 5 Okla. Cr., 240, 114 P., 273;
 
 Buckmiller
 
 v.
 
 State,
 
 55 Okla. Cr., 222, 28 P. (2d), 597; Fife v.
 
 Commonwealth,
 
 29 Pa., 429;
 
 State
 
 v.
 
 Jeffords,
 
 121 S. C., 443, 114 S. E., 415;
 
 State
 
 v.
 
 Holmes,
 
 171 S. C., 8, 171 S. E., 440;
 
 Thompson
 
 v.
 
 State
 
 171 Tenn., -, 101 S. W. (2d), 467;
 
 State
 
 v.
 
 Fuller,
 
 39 Vt., 74;
 
 State
 
 v.
 
 Crossman,
 
 189 Wash., 124, 63 P. (2d), 934. 2 Wigmore on Evidence (2 Ed.), 584, Section 1076; 4 Wigmore on Evidence (2 Ed.), 486, Section 2100 (d).
 

 Bnt see
 
 Hale
 
 v.
 
 United States
 
 (C. C. A. 8), 25 F. (2d), 430;
 
 People
 
 v.
 
 Buckminster,
 
 274 Ill., 435, 113 N. E., 713;
 
 People
 
 v.
 
 Bolton,
 
 339 Ill., 225, 171 N. E., 152;
 
 People
 
 v.
 
 Patris,
 
 360 Ill., 596, 196 N. E., 806;
 
 Flamme
 
 v.
 
 State,
 
 171 Wis., 501, 177 N. W., 596.
 

 We find no good reason for declining to follow the pronounced weight of authority, especially since it is in substantial harmony with our holdings in
 
 State
 
 v.
 
 Knapp, supra,
 
 and
 
 State
 
 v.
 
 Doty, supra.
 
 It is therefore our conclusion that the trial judge properly admitted Barker’s confessions, made on two different occasions, confining their effect as he did strictly against Barker.
 

 Of course, that part of Barker’s written confession referring to Pox’s former incarceration in the penitentiary had no connection whatever with the crime charged and was wholly irrelevant. It was separable from the rest of the confession and could have been deleted. Counsel for the defendants had the right to examine the confession before it was offered in evidence and submitted to the jury, and could have moved to eliminate that particular part, which motion the court might properly have granted.
 
 State
 
 v.
 
 Doty, supra; Commonwealth
 
 v.
 
 DiStasio
 
 (Mass.), 1 N. E. (2d), 189, 196. However, counsel remained passive in this respect. Whenever evidence is offered
 
 *162
 
 which is only partially objectionable, the complaining party must point out the objectionable portion specifically. Otherwise, all of it may be admitted. 39 Ohio Jurisprudence, 655, Section 80.
 

 Fox’s guilt was amply established by circumstantial evidence of a convincing character.
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Myees and Gorman, JJ., concur.