JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Arnold Paige ("Paige"), appeals his convictions. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2003, Paige was charged with rape of a child under age thirteen, kidnapping, gross sexual imposition, and unlawful sexual conduct with a minor. The matter proceeded to a jury trial, where the following evidence was presented.
 {¶ 3} Paige is the victim's grandfather. The victim testified that the sexual abuse began in 2000 at age eleven, when she fell asleep on the floor at Paige's house. She awoke when she felt Paige's hands moving against her thighs, breasts, and vaginal area. The victim testified that after this incident he continued to touch her inappropriately and frequently engaged in sexual intercourse with her. She testified that in exchange for sex, he would give her gifts or money. The victim testified that the abuse lasted until a week before her fifteenth birthday.
 {¶ 4} Prior to September 2003, the victim experienced burning and itching in her vaginal area. Paige, although not a medical doctor, "examined" the area. The victim testified that she once saw her grandfather give her aunt a "vaginal exam," thus she allowed him to examine her. She testified that during the "exam" Paige used his fingers to touch her vaginal area.
 {¶ 5} In September 2003, the victim had her annual physical when it was discovered that she had Trichomonas, a sexually transmitted disease. She told her doctor that she thought she contracted the disease when her grandfather "examined" her.
 {¶ 6} Paige denied sexually abusing the victim. He admitted that he "examined" her vaginal area. His statement to Children and Family Services revealed that he did not derive any sexual gratification from the "examination." However, he stated that he did not tell the victim's mother about the "exam" because he "just didn't think about telling her."
 {¶ 7} Two of Paige's daughters testified that he sexually abused them when they were the victim's age and that they contracted a sexually transmitted disease at that time. Detective James McPike of the Cleveland Police Department testified that reports similar to the victim's were filed against Paige in 1987.
 {¶ 8} The jury found Paige guilty of all charges. The trial court sentenced him to life in prison and found him to be a sexually violent predator.
 {¶ 9} Paige appeals his convictions, raising two assignments of error.
 Other Acts" Testimony {¶ 10} In his first assignment of error, Paige argues that the trial court erred by allowing irrelevant and unfairly prejudicial "other acts" testimony to be introduced to the jury.
 {¶ 11} In general, the admission of evidence is within the discretion of the trial court, and the court's decision will be reversed only upon a showing of an abuse of that discretion.State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.,92 Ohio St.3d 529, 2001-Ohio-1276, 751 N.E.2d 1032. "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Herring, 94 Ohio St.3d 246,255, 2002-Ohio-796, 762 N.E.2d 940.
 {¶ 12} In the instant case, Paige argues that the trial court erred by allowing his adult daughters to testify about acts of sexual molestation he allegedly committed more than twenty years earlier. He claims that the "other acts" testimony was prejudicial and violated the Ohio Rules of Evidence.
 {¶ 13} Generally, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to prove a defendant's character or that the defendant acted in conformity therewith. State v. Elliot (1993), 91 Ohio App.3d 763, 770,633 N.E.2d 1144; Evid.R. 404. However, Evid.R. 404(B) provides that evidence may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of other acts may also be admissible to establish an element of the crime. State v.Smith (1990), 49 Ohio St.3d 137, 139-140, 551 N.E.2d 190.
 {¶ 14} This court has previously concluded that evidence regarding prior acts of molestation upon family members, even if not included in the indictment, was material in establishing a defendant's pattern of conduct. State v. Ervin, Cuyahoga App. No. 80473, 2002-Ohio-4093; State v. Cornell (Nov. 27, 1991), Cuyahoga App. No. 59365. In Ervin, this court allowed the testimony of the defendant's daughters as demonstrating a pattern of engaging in sexual conduct with young female family members, while occupying a position of trust and authority. Id. at ¶ 51. This evidence was also introduced to establish that the defendant compelled the victim to submit by force or threat thereof. Id.
 {¶ 15} In the instant case, the testimony of Paige's daughters was also used to demonstrate a pattern of sexual abuse with young female family members, each of whom contracted a sexually transmitted disease during the period of abuse. The testimony also demonstrated that Paige purchased gifts for the victims if they engaged in sexual conduct with him.
 {¶ 16} Based on the record before this court, "the probative value of the evidence was not substantially outweighed by the possibility of unfair prejudice." State v. Russell, Cuyahoga App. No. 83699, 2004-Ohio-5031 at ¶ 38, citing Ervin, supra at ¶ 52.
 {¶ 17} Moreover, the trial court conducted an in camera review of the daughters' testimony to determine whether it was relevant and whether it could be used for the limited purpose of showing a pattern of conduct. Additionally, at the close of trial, the court instructed the jury as follows:
"Evidence was received about the commission of acts other thanthe offenses for which the Defendant is charged in this case.That evidence was received only for a limited purpose. It was notreceived, and you may not consider it to prove the character ofthe Defendant in order to show that he acted in conformity oraccordance with that character.
 If you find the evidence of other facts — other acts, excuseme, is true and the Defendant committed them, you may considerthat evidence only for the purpose of deciding whether it provesthe Defendant's pattern of conduct. That evidence may not beconsidered for any other purpose."
 {¶ 18} "A presumption always exists that the jury has followed the instructions given to it by the trial court." Pangv. Minch (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph four of syllabus, citing State v. Fox (1938), 133 Ohio St. 154, 10 O.O. 218, 12 N.E.2d 413; Browning v. State (1929),120 Ohio St. 62, 165 N.E. 566.
 {¶ 19} Therefore, we find that the trial court did not abuse its discretion in allowing testimony of other acts to demonstrate a pattern of sexual abuse.
 {¶ 20} Accordingly, the first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 21} In his second assignment of error, Paige argues that he was denied the effective assistance of counsel when his trial counsel failed to introduce exculpatory medical reports and failed to properly adduce testimony from an important defense witness.
 {¶ 22} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 104 S. Ct. 2052. Hence, to determine whether counsel was ineffective, Paige must show that (1) "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense," in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland, supra, at 687.
 {¶ 23} In Ohio, a properly licensed attorney is presumed competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301,209 N.E.2d 164. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v.Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness."Lytle, supra; State v. Calhoun, 86 Ohio St.3d 279, 289,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 24} To show that a defendant has been prejudiced, Paige must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra at paragraph three of the syllabus, and Strickland, supra, at 686.
 {¶ 25} In the instant case, Paige argues that his trial counsel fell below an objective standard of reasonable representation by failing to introduce medical records that allegedly contained exculpatory evidence that he was not infected with the same sexually transmitted disease as the victim. The trial court denied the admission of the record for several reasons, including its irrelevance. The court found that the record did not indicate that any lab work was performed to prove that he tested negative for the disease. Rather, the proferred record indicated only "no Trich seen." Because the record was properly excluded, Paige's trial counsel cannot be viewed as ineffective.[1]
 {¶ 26} Paige also argues that his trial counsel was deficient for failing to properly cross-examine the victim. Paige attempted to adduce testimony from another granddaughter, K.P., who claimed that the victim told her she was engaging in sexual relations with an older man, but not Paige. Paige contends that, had his trial counsel cross-examined the victim regarding the statements, then counsel could have used K.P.'s testimony as rebuttal evidence if the victim denied such statements.
 {¶ 27} The trial court excluded K.P.'s testimony regarding this conversation with the victim because it was hearsay and it did not fall under any of the exceptions cited by trial counsel. While this testimony could have lessened the victim's credibility, it does not rise to the level of deficiency by counsel as required by Strickland.
 {¶ 28} It is merely speculation whether the victim would have denied making such statements or whether her testimony would have helped Paige's case. State v. Wilhelm (Aug. 5, 1996), Ross App. No. 95CA2123. Failing to cross-examine the victim about these statements was not so prejudicial as to deny Paige a fair trial.Stickland, supra. Therefore, we cannot say that, but for counsel's alleged errors, the outcome of the trial would have been different.
 {¶ 29} Accordingly, the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Sweeney, J.* concur.
* Sitting by assignment, Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
[1] The proffered medical record also provides that Paige visited the doctor because he was "concerned because sexual partner has tric." Thus, the admission of this record may have actually prejudiced Paige.