Celebrezze Jr., Judge,
dissenting.
{¶ 88} I respectfully dissent from the majority’s conclusion that the other-acts evidence presented to the jury through the testimony of A.B. was not admissible pursuant to Evid.R. 404(B) and R.C. 2945.59. In my view, the state’s presentation of appellant’s purposeful dealings and subsequent manipulation of his position of trust with the young boys and their families established his modus operandi and common scheme, plan, and system in this matter.
{¶ 89} Over the course of appellant’s trial, the state presented evidence that appellant’s relationships with J.H. and A.B. began while the boys were between the ages of 14 and 16 years old. The record reflects that appellant forged a bond with each of the boys while he occupied a position of trust and authority — as A.B.’s high school teacher and as J.H.’s mentor. The testimony adduced from J.H. and A.B. indicates that, over time, each of the boys developed strong feelings for appellant based, in part, on the lack of a strong father figure in their lives. Subsequently, appellant used his position of trust and authority to instigate sexual activity with these young boys, who were led to believe that such conduct was normal.
{¶ 90} In my view, appellant’s conduct constituted a unique, identifiable plan of criminal activity that is applicable to the crime with which appellant is now charged. The fact that appellant’s identity was not in question in this matter should not provide him with a legal shield when it was apparent that the scheme, plan, or system conceived by appellant required him to befriend J.H. and A.B. over a fairly substantial course of time before using his position of trust and authority to initiate sexual activity.
{¶ 91} Therefore, I would apply the analysis set forth in State v. Fortson, Cuyahoga App. No. 92337, 2010-Ohio-2337, 2010 WL 2106010, ¶ 32 (evidence of a correction officer’s past sexual conduct with inmates established a modus operandi that shared common features with the crimes for which defendant was *828 presently charged, despite defendant’s identity not being an issue); State v. Ervin, Cuyahoga App. No. 80473, 2002-Ohio-4093, 2002 WL 1824977, ¶ 51 (“evidence of defendant’s previous sexual advances toward [young girls], both eight years old at the time of the abuse, was presented to demonstrate defendant’s pattern of engaging in sexual intercourse with young girls in his family while occupying a position of trust and authority”); State v. Paige, Cuyahoga App. No. 84574, 2004-Ohio-7029, 2004 WL 2980659, ¶ 15 (holding that testimony of the defendant’s daughters was properly “used to demonstrate a pattern of sexual abuse with young female family members” and the defendant’s practice of purchasing “gifts for the victims if they engaged in sexual conduct with him”); State v. Russell, Cuyahoga App. No. 83699, 2004-Ohio-5031, 2004 WL 2340125, ¶ 37 (holding that the “state proved appellant chose female victims of a filial position to him who were under the age of twelve. Appellant began touching his victims in a progressively sexual manner. When he became sure he could do so, he then sexually gratified himself, also in a progressive manner”); see also State v. Williams, Cuyahoga App. No. 92714, 2010-Ohio-70, 2010 WL 118118; State v. Bess, Cuyahoga App. No. 91560, 2009-Ohio-2032, 2009 WL 1156970; State v. Sharp, Cuyahoga App. No. 84346, 2005-Ohio-390, 2005 WL 272998; State v. Cornell (Nov. 27, 1991), Cuyahoga App. No. 59365, 1991 WL 251667, affirmed (1993), 68 Ohio St.3d 1416, 624 N.E.2d 191; State v. Ristich, Summit App. No. 21701, 2004-Ohio-3086, 2004 WL 1344853, ¶ 16.
{¶ 92} Accordingly, I believe that an accurate interpretation of Evid.R. 404(B) does not require the reversal of the conviction in the instant case. I would therefore affirm appellant’s convictions.

APPENDIX

“II. Appellant was denied his federal and state due process rights to notice because he was tried for offenses not contained in the indictment and the indictment did not charge him with sufficient specificity.
“IV. The verdict was against the manifest weight of the evidence.
“V. The court abused its discretion and committed cumulative errors that violated appellant’s constitutional rights to a fair trial and due process.
‘VI. Appellant was denied his constitutional right as guaranteed by the United States and Ohio Constitutions to effective assistance of counsel when his attorney failed to timely object to hearsay testimony and failed to move for a mistrial.”