[Cite as *Ayers v. Ishler*, 2011-Ohio-4272.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LEONA W. AYERS, M.D., et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11 CAE 01 0001 |
| CLIFFORD E. ISHLER, et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 07 CVC 12 1458

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 25, 2011

APPEARANCES:

For Plaintiffs-Appellants

JAMES C. AYERS, SR.
JAMES C. AYERS LAW OFFICE
8559 Stonechat Loop
Dublin, Ohio 43017-8625

For Defendant-Appellee Ishler

ANDREW J. KIELKOPF
471 East Broad Street, 19th Floor
Columbus, Ohio 43215

For Defendant-Appellee State Auto

DAVID A. CABORN
765 South High Street
Columbus, Ohio 43206

*Wise, J.*

{¶1} Plaintiffs-Appellants Leona W. Ayers and James C. Ayers, Sr. appeal the jury award following a trial in the Delaware County Common Pleas Court.

## STATEMENT OF THE FACTS AND CASE

{¶2} This case arose out of a motor vehicle accident which occurred on July 3, 2003, within the City of Delaware on U.S. Route 36-37 east. On said date, the traffic light at the intersection of Davidson Road was inoperative due to a storm. Plaintiff-Appellant, Leona Ayers, stopped for the light but Defendant-Appellee, Clifford Ishler, who was driving the car behind her failed to stop and rear-ended her vehicle.

{¶3} In 2005, Plaintiffs-Appellants Leona Ayers and her husband James Ayers filed an action in the Delaware County Common Pleas Court against Defendant-Appellee Ishler and Defendant-Appellee State Automobile Mutual Insurance Company ("State Auto"), setting forth claims sounding in negligence, and with regard to Appellee State Auto, seeking the recovery of underinsured motorist benefits.

{¶4} Plaintiffs dismissed the first lawsuit without prejudice on December 8, 2006 and proceeded to re-file the lawsuit in December of 2007 setting forth the same claims.

{¶5} A jury trial commenced in this matter on October 6, 2009. At issue for the jury's determination was the nature and extent of the injuries which Plaintiffs-Appellants could prove by a preponderance of the evidence were sustained as a direct and proximate result of the automobile accident.

{¶6} On October 9, 2009, the jury rendered a unanimous verdict in favor of the Plaintiffs-Appellants in the amount of $12,015.00. The jury awarded $7,015.00 to

Appellant to cover past medical and $5,000.00 to cover past pain and suffering. The jury did not award anything for future pain and suffering, past or future loss of enjoyment of life or future medical expenses. The jury did not award anything to Mr. Ayers for loss of consortium.

{¶7} The jury's verdict was memorialized by way of the final Judgment Entry filed with the Court on October 21, 2009.

{¶8} On November 2, 2009, Plaintiffs-Appellants filed a motion for judgment notwithstanding the verdict or in the alternative, motion for a new trial joined with a motion for additur. Said motion was re-filed on October 4, 2010, after the transcript of proceedings was prepared.

{¶9} Defendants-Appellees, Ishler and State Auto responded on November 3 and 5, 2010, and a Reply was filed by Appellants on November 12, 2010.

{¶10} On December 6, 2010, the trial court filed its Judgment Entry denying Plaintiffs' Motion for Judgment Notwithstanding the Verdict or, in the alternative, Motion for a New Trial joined with Motion for Additur.

{¶11} Appellants now appeal, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶12} "I. THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANTS WHEN IT OVERRULED OBJECTION TO EVIDENCE PRESENTED BY APPELLEES THAT APPELLANT, DR. AYERS, EARNED $180,000.00 IN 2004 THEREBY ALLOWING APPELLEES TO PREJUDICIALLY INTRODUCE CLASS DISTINCTION INTO THE CASE."

**{¶13}** "II. THE JURY LOST ITS WAY AND WAS INFLUENCED BY APPELLEES TO THE [SIC] OVERRIDE THEIR JUDGMENT WITH STATEMENTS DESIGNED TO CREATE WITHIN THE JURY BIAS, MISUNDERSTANDING, PREJUDICE AND FALSE PREMISES.

**{¶14}** "III. THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANTS WHEN IT ORDERED APPELLANT TO APPEAR FOR A SECOND CIV.R. 54 PSYCHOLOGICAL. EXAMINATION WITHOUT JUST CAUSE AFTER A FIRST EXAMINATION ORDERED BY APPELLEES DID NOT PRODUCE THE RESULT THAT APPELLEES DESIRED AND WHERE APPELLANTS WERE NOT ALLEDGING [SIC] A PSYCHOLOGICAL DISABILITY.

**{¶15}** "IV. THE JURY LOST ITS WAY AND FAILED TO AWARD DAMAGES FOR FURTURE [SIC] PAIN AND SUFFERING TO APPELLANT, LEONA AYERS, M.D., AND FAILED TO AWARD CONSORTIUM TO APPELLANT, JAMES C. AYERS, SR. AND THE COURT ABUSED ITS DISCRETION IN NOT AWARDING ADDITUR OR IN THE ALTERNATIVE A NEW TRIAL ON THAT BASIS."

I.

**{¶16}** In their first assignment of error, Appellants argue that the trial court erred in overruling an objection as to a question concerning Appellants' 2004 income. We disagree.

**{¶17}** Appellants argue that the following question posed to Dr. Windsor, Appellants' optometrist, was done for the purpose of creating a class distinction between Appellants and Appellee Ishler.

{¶18} Dr. Windsor's testimony was presented to the jury via video deposition. Upon review of the written deposition transcript and the trial transcript, we find that Appellants failed to raise this issue at the trial court level and argue it for the first time on appeal. (Windsor Depo. at 77, T. at 401).

{¶19} It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277, quoting *State v. Childs* (1968), 14 Ohio St.2d 56, 236 N.E.2d 545.

{¶20} Because Appellants failed to object to any alleged error, they waived all but plain error. *State v. Hartman,* 93 Ohio St.3d 274, 754 N.E.2d 1150, 2001-Ohio-1580. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

{¶21} Appellants' claimed injuries in this case included a traumatic brain injury which Dr. Ayers claimed affected her memory and her ability to work. It would stand to reason that questions as to the effect such injury did or did not have on her earning ability could be relevant.

{¶22} We find no evidence in the record to support Appellants' argument that such testimony was elicited to provoke some sort of prejudice against Appellants or garner sympathy for Appellee.

**{¶23}** The admission or exclusion of evidence is left to the sound discretion of the trial court. *Crickets of Ohio, Inc. v. Hines Investments, LLC*, Fairfield App. No. 09-CA-51, 2010-Ohio-5815. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶24}** Based on the foregoing, we find Appellants' assignment of error not well-taken and overrule same.

**II.**

**{¶25}** In their second assignment of error, Appellants argue that the jury's verdict was influenced by bias, misunderstanding and prejudice. We disagree.

**{¶26}** Appellants argue that the following "false" statements created bias, misunderstanding or prejudice which influenced the jury's verdict: a statement that Dr. Ayers was thrown through the windshield in an auto accident which occurred in 1996; a statement that the accident in which Dr. Ayers was involved in 1994 was a rear-end collision; a reference to a statement made by a non-testifying officer from the accident scene that Dr. Ayer's injuries were non-incapacitating (Windsor Depo. at 84); a statement by Appellee Ishler that he observed Dr. Ayers move her head back and forth while she was speaking with the paramedics; A question posed to the emergency room treating physician Dr. Zuesi as to whether he had been instructed by Appellants to not speak with Appellee Ishler's counsel, to which he answered in the affirmative. (T. at 485); a statement in closing arguments that Dr. Ayers' request for the total amount of medical bills as opposed to that which was actually paid by insurance was the "definition

of greed" (T. at 605); a characterization of Dr. Ayers by counsel for Appellee in closing arguments as a "type-A personality" (T. at 607); a statement that Dr. Sacks helped write a book relied upon by Dr. Windsor (T. at 544).

{¶27} As to the 1966 automobile accident, we find that Dr. Ayers own doctor testified that Appellant herself relayed the information to her that she was a passenger in an automobile accident in 1966 and that she was thrown from the vehicle through the windshield. (T. at 376-377). Further, we find nothing in the record to support that the jury's verdict in this case was influenced by whether Dr. Ayers did or did not get thrown through the windshield in the 1966 accident.

{¶28} We further find that Dr. Sacks testified that he did participate in the writing of the textbook "Walsh & Hoyts Clinical Neuro-Opthamology" and co-authored "Neuropathology of Vision" with Dr. Walsh. (T. at 543-545).

{¶29} Regarding the statements as to Dr. Ayers' injuries being non-incapacitating made by the officer who did not testify, we find that such admission was harmless in that there was other competent, credible evidence introduced during the trial as to Dr. Ayers' condition immediately after the accident which the jury had before it. The jury had before it the EMS records, Dr. Ayers' Glasgow coma scale score, her emergency room records and the fact that she was released and went out to dinner that evening with her family. (T. at 227-229, 486, 490).

{¶30} As to the remainder of the above arguments, we find that Appellants failed to object to these statements or questions. Again, it is a fundamental rule of appellate procedure that a reviewing court will not consider as error any issue that a party failed to bring to the trial court's attention. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d

207, 210, 436 N.E.2d 1001. Thus, a party waives the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the trial court below. *Van Camp v. Riley* (1984), 16 Ohio App.3d 457, 463, 476 N.E.2d 1078.

**{¶31}** As a reviewing Court, we must presume the jury has followed the instructions given to it by the trial court. *State v. Fox* (1938), 133 Ohio St. 154, 12 N.E.2d 413, and must presume a jury verdict is based upon the evidence presented at trial and not based upon the influence of passion or prejudice. *Prudential Insurance Company of America v. Hashman* (1982), 7 Ohio App.3d 55, 454 N.E.2d 149.

**{¶32}** Appellants' second assignment of error is overruled.

### III.

**{¶33}** In their third assignment of error, Appellants argue that the trial court erred in ordering Dr. Ayers to appear for a second psychological examination pursuant to Civ.R. 35. We disagree.

**{¶34}** Orders to compel independent medical examinations are authorized under Civil Rule 35, which provides:

**{¶35}** "When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and

shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

**{¶36}** The granting or denial of a Civ.R. 35 motion rests within the sound discretion of the trial court. *In re: Guardianship of Johnson* (1987), 35 Ohio App.3d 41, 43, 519 N.E.2d 655. In order to find an abuse of discretion, we must determine that the trial courts' decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

**{¶37}** Here, when this action was originally filed, Appellees had obtained an independent medical examination (IME) with Dr. Della Mora. After the action was dismissed and re-filed, Appellants decided to identify Dr. Della Mora as their expert witness. Appellees therefore filed a motion for a second IME, which the trial court granted.

**{¶38}** Appellants have failed to provide any evidence or argument as to how Appellants were prejudiced by this second IME.

**{¶39}** Upon review, we cannot find that the trial court abused its discretion in ordering Appellant to submit to a second IME under the facts in this case.

**{¶40}** Appellants' third assignment of error is overruled.

**IV**.

**{¶41}** In their final assignment of error, Appellants argue that the jury erred in failing to award damages for loss of life's enjoyment and consortium and that the trial court erred in not granting additur or a new trial. We disagree.

**{¶42}**  Civ.R. 59 provides in pertinent part:

**{¶43}**  "**(A) Grounds**

**{¶44}**  "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

**{¶45}**  "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

**{¶46}**  "(2) Misconduct of the jury or prevailing party;

**{¶47}**  "(3) Accident or surprise which ordinary prudence could not have guarded against;

**{¶48}**  "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

**{¶49}**  "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

**{¶50}**  "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

**{¶51}**  "(7) The judgment is contrary to law;

**{¶52}**  "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

**{¶53}**  "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

**{¶54}** "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

**{¶55}** The question of whether to grant a new trial upon the basis of the weight of the evidence is within the sound discretion of the trial court. *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 286, 291 N.E.2d 739; see, also, *Rhode v. Farmer* (1970), 23 Ohio St.2d 82, 262 N.E.2d 685. The Ohio Supreme Court has consistently held the term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶56}** In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, *cannot be reconciled with the undisputed evidence in the case,* or *is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (emphasis in original).

**{¶57}** Thus, in reviewing a motion for a new trial, we do so with deference to the trial court's decision, recognizing that "the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the surrounding circumstances and atmosphere of the trial." *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242.

**{¶58}** Appellants argue that a new trial should have been granted based upon the fact that the jury failed to award damages to Appellants for loss of life's enjoyment or loss of consortium.

**{¶59}** Upon review, we find that while Appellants offered evidence in support of their injuries, Appellees offered evidence to counter same. Based on this evidence, the jury awarded Appellant $7,015 in past medical expenses and $5,000 in past pain and suffering.

**{¶60}** It is well-established that when there is a conflict in the testimony on any subject, the question is one for the trier of fact. *Barnett v. Hills* (App.1947), 79 N.E.2d 691, 50 Ohio Law Abs. 208, 212. As the trier of fact in this case, the jury was "free to accept or reject any or all of appellant's evidence relating to * * * damages." *Peck v. Ryan* (June 30, 1988), Butler App. No. CA87-09-120, unreported, at 4. Moreover, even assuming that Appellants presented undisputed evidence, the jury possessed the inherent power to reject the evidence presented. *Lanham v. Wilson* (Aug. 12, 1991), Madison App. No. CA90-11-024, unreported. A jury is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached or unchallenged. *Ace Steel Baling, Inc. v. Portefield* (1969), 19 Ohio St.2d 137, 138, 249 N.E.2d 892.

**{¶61}** A jury's award is supported by some competent, credible evidence going to the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. In the area of damages in a personal injury case, neither a reviewing court nor a trial court can substitute its judgment for that of the jury. *Litchfield v. Morris* (1985), 25 Ohio App.3d 42, 44, 495 N.E.2d 462.

**{¶62}** Having reviewed the record and in light of the foregoing, we decline, as did the trial court, to substitute our judgment for that of the jury. We cannot say that the jury verdict was against the manifest weight of the evidence. Moreover, we find that some competent and credible evidence supports the jury's verdict. Therefore, the trial court did not abuse its discretion in denying Appellants' motion for a new trial.

**{¶63}** Appellants' fourth assignment of error is overruled.

**{¶64}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                                    JUDGES

JWW/d 0728

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LEONA W. AYERS, M.D., et al.        :

                             :

    Plaintiffs-Appellants         :

                             :

-vs-                         :         JUDGMENT ENTRY

                             :

CLIFFORD E. ISHLER, et al.       :

                             :

    Defendants-Appellees     :         Case No. 11 CAE 01 0001


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellants.


                                  _____


                                  _____


                                  _____

                                          JUDGES